**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DOUGALS A. MORIN,

        Plaintiff,

v.     Case No. 6:15-cv-1458-Orl-37GJK

STATE OF FLORIDA,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiffs [sic] Objection/Motion for Reconsideration (Doc. 9), filed December 30, 2015. Upon consideration, the Court finds that the Motion is due to be denied. Additionally, as this action was improperly removed, the Court finds that dismissal is warranted.

Plaintiff initiated this action on September 8, 2015, purporting to remove two actions from state court ("**Removed Actions**"). (Doc. 1 ("**Notice**").) Upon review of the documents attached to the Notice (Doc. 1-1 ("**Attached Documents**")), the Court concluded that Plaintiff was improperly attempting to remove actions in which he was the plaintiff. (*See* Doc. 8.) Consequently, the Court struck the Notice and directed the Clerk to close the file, citing the federal removal statute, which authorizes defendants—not plaintiffs—to remove civil actions from state court ("**Striking Order**"). (*Id.*)

Plaintiff now moves for reconsideration of the Striking Order. (Doc. 9 ("**Motion**").) Importantly, referencing his motion for post-conviction relief and "amended motion 3.850" ("**State Court Motions**"), Plaintiff contends that he was the defendant in the Removed Actions. (*Id.* at 1.)

Reconsideration typically requires: (1) newly discovered evidence; (2) demonstrated clear error or manifest injustice; or (3) an intervening change in the controlling law. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

The basis of Plaintiff's Motion appears to be that the Court committed clear error. However, the Attached Documents: (1) do not clearly demonstrate that Plaintiff was a defendant in the Removed Actions; and (2) do not appear to include the State Court Motions. (*See* Doc. 1-1.) As such, the Court finds that Plaintiff has not demonstrated clear error or any other basis for reconsideration.

Moreover, upon reexamination, the Court notes that Plaintiff removed the action on the basis of 28 U.S.C. § 1443—a statue that authorizes the removal of state civil actions and criminal prosecutions by defendants:

> (1) Against any person who is denied or cannot enforce in the courts of such State any right under any law providing for equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

To properly remove a state court action to federal court under § 1443, "the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel,* 384 U.S. 780, 792 (1966)). Additionally, "the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Id.* (quoting *Georgia,* 384 U.S. at 792).

While Plaintiff's Notice asserts a number of grievances, none involve the inability

to enforce a right under any law providing for equal rights in terms of racial equity. Indeed, neither the words "racial equality," "equality" nor any equivalent thereof appear in the Notice. Therefore, even if Plaintiff were to clearly demonstrate that he was a defendant in the Removed Actions, the Court would still find that the action was improperly removed and is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs [sic] Objection/Motion for Reconsideration (Doc. 9) is **DENIED**.

2. Based on the Court's finding that this action was improperly removed, the case is **DISMISSED** and will remain closed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 13, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

*Pro Se* Party